[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} The defendant-appellant, William Dickinson, appeals from the order of the trial court denying his appeal of an administrative license suspension ("ALS") imposed upon him following his arrest for driving under the influence of alcohol. A jury subsequently acquitted him of the charge. In his two assignments of error, Dickinson argues that the trial court erred by (1) determining that his ALS appeal was time-barred, and (2) failing to consider whether the denial of his ALS appeal would deny him due process. Finding no merit in either assignment of error, we affirm.
 {¶ 3} The following is not disputed. Dickinson was arrested for DUI on October 5, 2001. On the same date, he was served with an ALS. His trial was on September 25, 2002, almost a full year later. In the entire interval between the date of his arrest and his trial Dickinson did not file an appeal of the ALS. Indeed, it was not until December 10, 2002, over two months after his trial, that he first filed his ALS appeal.
 {¶ 4} Both Dickinson's assignments of error are premised upon a mischaracterization of the record. According to Dickinson, the court denied his ALS appeal because it erroneously believed that the "five-day hearing" required by R.C. 4511.191(G)(2) imposed a strict time limitation upon his right to appeal the ALS. Indeed, Dickinson expends much effort explaining why the word "may" in R.C. 4511.191(H)(1) should not be read as "must." While we do not disagree with his legal analysis, we do disagree with his characterization of the record. The transcript makes clear that the trial court fully understood that Dickinson's failure to file an ALS appeal at the initial appearance did not waive his right to file it later, but that it was "within the discretion of the court to allow the late filing." The trial court exercised its discretion not to consider the appeal since it viewed the length of time between the date of the suspension and the appeal (a year and two months), as well as the time between the trial and the appeal (over two months), as far too excessive.
 {¶ 5} The trial court's decision whether to grant leave to file a late appeal of an ALS is reviewed under an abuse-of-discretion standard. See Mansfield v. Cochran (Sept. 29, 1999), 5th Dist. No. 98CA116. See, also, Painter, Ohio Driving Under the Influence Law (2003 Ed.), 8-4. Given the inordinate length of time it took Dickinson to file his ALS appeal, we cannot say that the court's decision not to entertain it was irrational, arbitrary, or unconscionable. Indeed, we share the court's view that the record does not justify such a delay. Nor do we perceive any violation of due process since Dickinson simply failed to take advantage of the process that was afforded him in a timely manner.
 {¶ 6} Therefore, the judgment of the trial court is affirmed.
 {¶ 7} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
DOAN, P.J., GORMAN and PAINTER, JJ.